```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

John Darco,

                    Petitioner,        CV-04-1378 (CPS)

    - against -                  MEMORANDUM
                                      OPINION AND ORDER
United States of America,

                    Respondent.

```
----------------------------------------X
```

SIFTON, Senior Judge.

    John Darco is currently serving a 346 month prison sentence, having been convicted in this Court on: (1) three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d); (2) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; (3) use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); (4) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (5) escape from prison in violation of 18 U.S.C. § 751(a).

    Presently before the Court is Darco's March 31, 2004, motion pursuant to 28 U.S.C. § 2255 to have the Court set aside or correct his sentence on four grounds. First, Darco argues that the Court erroneously sentenced him as an armed career offender pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e).[1]  Second, Darco alleges that his trial counsel was ineffective in failing to obtain an expert witness to testify that Darco was not the man pictured on the bank's security cameras.  Third, Darco alleges that eyewitness Rachel Geiger was allowed to view him in a holding cell prior to making an in-court identification and that eyewitness Theresa Hammill was improperly allowed to view him at the pretrial *Wade* hearing.[2]  Fourth, Darco claims he is actually innocent of the crimes for which he was convicted.  Darco also requests that his motion be assigned to a different judge.

For the reasons that follow, the petition is denied.

## Background

The following facts are taken from the parties' submissions.  They are uncontested except where noted.

On December 22, 1994, Darco pled guilty before Magistrate Judge Go to three counts of bank robbery in violation of 18 U.S.C. § 2113(a).  Darco stated during his plea colloquy that on three occasions he walked into three separate banks with a toy gun and demanded money.

---

[1] 18 U.S.C. § 924(e) mandates a minimum fifteen year sentence a defendant convicted of possessing a firearm affecting interstate commerce if he has three previous convictions for violent felonies.

[2] A *Wade* hearing is a pretrial proceeding to determine whether a police lineup was unduly suggestive and whether a witness's identification at trial would be impermissibly tainted by that lineup.  *See United States v. Wade*, 388 U.S. 218 (1967).

On February 24, 1995, Darco was sentenced by Judge Raymond J. Dearie of this district to a term of 72 months imprisonment. He was released on October 6, 1999, to serve the remainder of his sentence at a half-way house in Brooklyn, New York. Darco failed to report to the half-way house. Approximately three months later, Darco was arrested and charged with robbing the Olympia Savings Bank three times during the period spanning November 29, 1999, to January 12, 2000.

Prior to trial on these charges, Darco moved to suppress evidence of eyewitness identifications made at the time of his arrest on the grounds that the police showup was unduly suggestive. Although I held that the procedures employed at the showup created a substantial likelihood of misidentification, I did not suppress the identifications because I found that the procedures did not, in this case, render the identification unreliable. I based this decision on the brief period of time that passed between the third and final robbery and the police showup, the testimony of the witnesses that they had been highly attentive during the crime, the fact that three of the witnesses had been present at at least two of the three robberies, the witness's high degree of certainty, and the fact that witnesses Rachel Geiger and Theresa Hammill were able to identify Darco at a pretrial *Wade* hearing.

After the suppression decision was issued, Darco objected that eyewitness Geiger had observed him in a holding cell prior to the *Wade* hearing. I appointed an investigator to assist

Darco's attorney in investigating the alleged viewing. Darco's attorney investigated the incident and concluded that it was unlikely that any witnesses viewed Darco prior to the in-court identification.

Darco's defense at trial emphasized the unreliability of the eyewitness identifications and questioned the photographs obtained from the bank's security cameras. Darco's counsel argued that Darco's hands were heavily tattooed, but no tattoos were evident on the robber in the bank surveillance photographs. Nevertheless, the jury found Darco guilty.

At sentencing, Darco argued that he did not qualify as an "armed career criminal" pursuant to the ACCA because his prior convictions before Judge Dearie should count as only a single conviction. Darco argued that his previous convictions were part of a single criminal scheme, were charged in a single indictment, resulted in a sentence of a single term in prison, and accordingly did not render him a career criminal within the meaning of the ACCA. I rejected Darco's argument and sentenced him as an armed career criminal.

Darco appealed his conviction and sentence, making four arguments. First, Darco argued that the evidence was insufficient to sustain a guilty verdict because the eyewitnesses were unreliable due to the suggestive showup. The Court of Appeals found the evidence "plainly sufficient to support the jury's verdict." *United States v. Paneque*, 60 Fed. Appx. 339, 341 (2d Cir. 2002).

Second, Darco challenged the Government's failure to prove that the bank was FDIC insured. The Court of Appeals rejected this argument because Darco's counsel had stipulated to that element of the offense. *Id.* at 341.

Third, Darco argued that his counsel was ineffective in agreeing to the FDIC stipulation, in failing to cross-examine certain witnesses, and in personally investigating the alleged holding cell encounter, thereby depriving him of witnesses of the result of the investigation. *Id.* at 341-42. The Court of Appeals concluded that Darco's counsel had performed adequately and there was "no good reason for counsel not to partake in an investigation of the possible encounters, in order to assist the investigator appointed by the court." *Id.* at 342.

Finally, the Court of Appeals upheld Darco's sentencing under the ACCA, noting that it had rejected Darco's argument in *United States v. Rideout*, 3 F.3d 32, 35 (2d Cir. 1993) (holding that two burglaries committed within twenty to thirty minutes of each other were crimes "committed on occasions different from one another"). *Paneque,* 60 Fed. Appx. at 342.

Darco petitioned the Supreme Court for a writ of certiorari, but the petition was denied on April 7, 2003. *Darco v. United States*, 538 U.S. 968 (2003).

Discussion

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the legality of the

sentence imposed by the court. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). In a § 2255 proceeding, the movant bears the burden of proof by a preponderance of the evidence. *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

Recusal

Darco accompanies his § 2255 motion with a motion, presumably pursuant to 28 U.S.C. § 455(a), that I recuse myself.[3] In support of this motion, Darco directs my attention to my previous rulings which he contends were in error.

The Advisory Committee's notes to Rule 4 governing § 2255 motion specifies that a § 2255 motion "shall be presented promptly to the judge of the district court who presided at the movant's trial." Although the notes acknowledge that commentators are frequently critical of having the trial judge decide the motion, it remains the longstanding practice. FED. R. GOV. § 2255 PROC. 4 Advisory Committee's note.

Nevertheless, a judge should recuse himself if a reasonable person, knowing all the relevant facts, would believe recusal necessary. *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). Darco has alleged no facts in support of his assertion that I am biased other than the fact that his § 2255 motion questions my own previous decision. Because

---

[3] 28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

virtually all § 2255 motions question the actions of the Court that hears them, it is clear that Darco's motion does not allege facts from which impartiality might reasonably be inferred. Darco's motion for recusal is denied.

## Darco's Sentence as an Armed Career Criminal

The ACCA requires a mandatory minimum 15-year sentence for any felony conviction when the defendant has three previous convictions for violent or serious drug felonies committed on occasions different from one another. 18 U.S.C. § 924(e).

Darco presents two arguments in support of his contention that he was erroneously sentenced as an armed career criminal. First, Darco contends that because his earlier bank robberies were charged in a single indictment and resulted in a single sentence, he should have only been regarded as having a single conviction for purposes of the ACCA. Second, Darco argues that *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and implicitly the recent decisions *United States v. Booker*, 125 S.Ct. 738 (2005), and *United States v. Shepard*, 2005 WL 516494 (2005), require the fact of his prior convictions to be submitted to a jury.

### The Number of Darco's Convictions

Darco argues that his conviction in Judge Dearie's court for three counts of bank robbery should be considered as a single conviction. Because all three offenses were charged in a single indictment and he received only a single sentence, Darco contends that they constitute only a single conviction for purposes of the

ACCA. The Court of Appeals rejected this precise argument on direct appeal. *See Paneque*, 60 Fed. Appx. at 342. Darco argues in his § 2255 motion that the Court of Appeals erroneously relied on its earlier opinion in *United States v. Rideout*, 3 F.3d 32 (2d Cir. 1993).

Where a claim has been raised on direct appeal and resolved, a defendant cannot relitigate it on a motion to vacate his sentence. *Giacalone v. United States*, 739 F.2d 40, 42 (2d Cir. 1984); see *Chin v. United States*, 622 F.2d 1090 (2d Cir. 1980). Accordingly, Darco's argument fails.

<u>The Right to a Jury Finding on Prior Convictions</u>

Darco argues that sentencing him as an armed career criminal violated his Sixth Amendment rights as recently articulated by the Supreme Court in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Darco's sentencing enhancement was imposed pursuant to a judicial finding that Darco had three previous convictions for violent felonies. On direct appeal, Darco made a similar Sixth Amendment argument and cited *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Court of Appeals relied on its previous decision in *United States v. Santiago,* 268 F.3d 151 (2d Cir. 2001), which rejected a challenge to judicial findings of fact that supported an ACCA sentencing enhancement.

Subsequent to both the Court of Appeals decision and Darco's original § 2255 motion, the Supreme Court released its opinion in *Blakely*, which extended the reasoning of *Apprendi* considerably. In *Apprendi*, the Court held that "any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court held that the statutory maximum is the sentence that a judge may impose "solely on the basis of facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537. On July 2, Darco has moved to amend his petition in light of *Blakely*.

Following oral argument on Darco's petition, the Supreme Court issued two relevant opinions. First, in *United States v. Booker*, 125 S.Ct. 738 (2005), the Court applied the reasoning of *Blakely* to the Federal Sentencing Guidelines. Second, the Court issued *Shepard v. United States*, 125 S.Ct. 1254 (2005), which held that in determining whether the ACCA enhancement is warranted, a court may look only to facts found by a jury, the terms of the charging documents, the terms of the plea agreement, and the facts admitted in the defendant's plea colloquy.

The rule announced by *Blakely, Booker*, and *Shepard* do not, however, apply retroactively to convictions such as Darco's, which became final prior the decisions in these cases. While new substantive rules apply retroactively, new rules of criminal procedure are generally not applicable on collateral review. *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584 (2002) does not apply retroactively). Because of their speculative connection to innocence, the only procedural rules given retroactive effect are so-called "watershed rules" implicating the fundamental fairness

and accuracy of the criminal proceeding. *Id.* The Second Circuit has now held that the rules announced in *Booker* and *Blakely* are procedural rules that do not apply retroactively. *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005). Applying the same reasoning, courts have uniformly held that *Shepard* is not retroactive. *See Olivas-Gutierrez v. United States*, EP05-CA-0139, 2005 WL 1241871 (W.D.Tex. May 19, 2005); *Langley v. United States*, 1:04CV952, 2005 WL 1114710 (M.D.N.C. May 5, 2005); *United States v. Olusajo,* CRIM. 02-584, 2005 WL 1124099 (E.D.Pa. May 5, 2005) ("It is unlikely that *Shepard* would be given retroactive applicability"); *Morales v. United States,* Civ.03-980, 2005 WL 807051 (D.Minn. Apr. 7, 2005). Accordingly, Darco cannot be granted relief based on *Blakely, Booker*, or *Shepard*.

Ineffective Assistance of Counsel

Darco argues that the failure of his counsel to obtain an expert witness to testify that the bank surveillance photos demonstrated that the robber had un-tattooed hands was deficient and resulted in his conviction.

The Government contends that Darco's counsel was adequate because he presented this issue to the jury in closing argument. The Government further argues that Darco cannot demonstrate prejudice in light of the overwhelming evidence against him. Finally, the Government questions whether an expert in

surveillance videos would be allowed to testify as to whether the bank robber wore gloves or had tattooed hands.

A defendant who alleges a Sixth Amendment violation must demonstrate both that his counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that but for the deficient performance, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In applying this standard, courts employ a strong presumption that counsel's performance fell within the broad range of reasonable assistance. *Id.* at 689.

The failure to offer expert evidence was not deficient. First, it is at least questionable whether such testimony would be admissible. *See United States v. Dorsey,* 45 F.3d 809 (4th Cir. 1995). The *Dorsey* court upheld the lower court's decision to exclude expert opinion testimony concerning whether bank surveillance photos depicted the defendant. The court found it clear that the proffered evidence did not satisfy the standard for evaluating expert testimony articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).[4] Such testimony did not amount to "scientific knowledge" because the conclusions were not subject to peer review and the known rate of error was potentially very high. *Dorsey,* 45 F.3d at 814. The court also noted that comparison of photos to the defendant is a task that

---

[4] *Daubert* set forth a two part test. Expert testimony must consist of scientific knowledge and be helpful to the jury to be admissible. *Daubert*, 509 U.S. at 590-91.

can be done by a jury without the assistance of experts. *Id.* at 815.

Second, Darco offers no evidence that any expert was willing to testify or to what they would testify. Absent some showing that beneficial expert testimony was in fact available, the failure to offer it cannot be deemed deficient. *See Johnson v. Alabama*, 256 F.3d 1156, 1186 (11th Cir. 2001) ("Absent a showing that impeachment evidence was available and could have been, but was not pursued at trial, [petitioner] cannot establish that the cross conducted by his attorneys fell outside the range of professionally competent assistance."); *Cockrell v. Cockrell*, 2003 WL 1906163 (W.D. Tex. March 31, 2003) (petitioner must show that expert testimony was available at time of trial and what that testimony might be to demonstrate that counsel was ineffective in not offering it).

Third, Darco's counsel argued to the jury that Darco's hands were tattooed and the robber in the photographs had tattoo-free hands. As previously noted, the comparison of photographs is something that can be done by a jury without the aid of experts. *Dorsey*, 45 F.3d at 815; *United States v. Brewer*, 783 F.2d 841, 842 (9th Cir. 1986).

Nor can Darco demonstrate prejudice in light of the overwhelming evidence against him. The prosecution presented testimony that the robber was wearing gloves; several eyewitnesses to the robberies identified Darco; and a gun, the getaway car's license plate, and money from Olympia Bank that

were all found in a car that Darco was seen driving.  In light of this evidence, Darco has not established a reasonable probability that, but for an expert's testimony, the outcome would have been different.

In Court Identifications

Darco challenges the in-court identifications of two witnesses: Rachel Geiger and Theresa Hammill.  The Government contends that these claims are barred because they were raised and rejected on appeal.  Section 2255 motions cannot be used to "relitigate questions which were raised and considered on direct appeal."  *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992).  As previously noted, reconsideration is only permitted "where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal."  *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001).

On appeal, Darco argued that the evidence presented was insufficient to sustain a guilty verdict.  In the context of his attack on the sufficiency of the evidence, Darco contended that because the witnesses viewed him in shackles or in a holding cell prior to their in-court identifications, their identifications should have been excluded.  Absent those identifications, Darco argued, there was insufficient evidence linking him to the bank robberies.

The Court of Appeals' analysis of Darco's argument is brief. The Court did not explicitly address the issue of whether the identifications were admissible. Instead, the Court noted that Darco challenged the admissibility of the identifications, recited the standard for assessing an attack on the sufficiency of the Government's evidence--that in deciding whether the evidence presented is sufficient to sustain the verdict, the Court must draw every reasonable inference in favor of the Government--and concluded that "the evidence was plainly sufficient to support the jury's guilty verdicts on all counts." *Paneque,* 60 Fed. Appx. at 341. The Court of Appeals did not explicitly apply the two-step inquiry outlined in *Neil v. Biggers*, 409 U.S. 188 (1972), for evaluating whether the identification procedures were unduly suggestive.[5]

Although the Court of Appeals never explicitly addressed the issue of whether the identifications were admissible, it has been repeatedly held that where the Court of Appeals grants summary affirmance and provides no discussion of the contested issue, it has nevertheless been raised and considered on direct appeal and is barred from reconsideration on a § 2255 motion. *Brown v. United States*, 181 F.3d 99 (6th Cir. 1999); *Hernandez v. United States*, 99-CR-204, 2003 WL 223467, at *3 (S.D.N.Y. Jan. 31,

---

[5] Under *Neil v. Biggers*, the court first determines whether the identification procedure was unduly suggestive. 409 U.S. at 188 (1972). Even if the identification fails the first step, it still may be admitted if, under the totality of the circumstances, the identification was reliable. *Id.* at 199.

2003); *Neff v. United States*, 971 F. Supp. 771, 773-74 (E.D.N.Y. 1997); *Jones v. United States*, 88-CIV-3999, 1990 WL 6566 (S.D.N.Y. 1990); *see Furman v. United States*, 720 F.2d 263 (2d Cir. 1983) (stating that summary affirmance of even one line constitutes adequate consideration of criminal conviction).

In any event, Darco's contentions are without merit.

Geiger's Identification

Darco reiterates his contention made prior to trial that witness Geiger was allowed to view him in a holding cell before the *Wade* hearing. This viewing, Darco contends, bolstered Geiger's ability to identify him at the *Wade* hearing.

Darco's attorney investigated the Geiger incident and concluded that it did not occur. Darco's attorney's investigation revealed that civilians are not permitted within the marshal's facility where Darco was being held at the time of the alleged incident, and that the holding area is monitored by video surveillance, which can be activated when a deputy "notices something awry." No video was recorded on the day of the alleged incident. After making these conclusions, Darco's attorney ceased to pursue the issue.

In support of his § 2255 motion, Darco presents no additional evidence to support his allegation that Geiger viewed him in a holding cell or that his counsel's investigation was inadequate. Darco merely asserts in his affidavit that the event occurred and his attorney never undertook the investigation at all.

In a § 2255 proceeding, the movant bears the burden of proof by a preponderance of the evidence. *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). In this motion, Darco has failed to prove by a preponderance of the evidence that the holding cell incident occurred. He has presented no evidence other than his affidavit asserting that it did. In opposition, the Government has offered a letter from Darco's former counsel describing his investigation that led to his decision not to pursue the claim. In light of the self-serving nature of Darco's affidavit, he has not demonstrated by a preponderance of the evidence that the event occurred.

### Hammill's Identification

Darco argues that witness Hammill's in-court identification was unreliable because she had the opportunity to view Darco in prison garb at the *Wade* hearing. This viewing, Darco again contends, bolstered her subsequent identification at trial.

The Government does not dispute that she viewed Darco in his prison dress at the *Wade* hearing. Instead, the Government relies on *United States v. Matthews*, 20 F.3d 538 (2d Cir. 1994). In *Matthews*, two eyewitnesses had been unable to identify the defendants from a photo array before trial. Nevertheless, the witnesses were allowed to identify the defendants at trial, who had been seated at the defense table and were the only black men in the courtroom. *Id*. at 547. The defendants had not been notified prior to trial that the witnesses would be asked to attempt to identify them. *Id.* Nevertheless, the Court of

Appeals noted that the defendants had not objected to the identification. *Id.* Nor had they suggested a less prejudicial method of identification, such as being seated somewhere other than the counsel table. *Id.* A district court is not required, the Court stated, to take such steps *sua sponte*. *Id.*

The Court of Appeals applied similar reasoning to the situation where a defendant is present and identified at a *Wade* hearing in *Jarrett v. Headley*, 802 F.2d 34 (2d Cir. 1986). In *Jarrett*, the Court concluded that when the defendant is present at the *Wade* hearing voluntarily, the eyewitness's opportunity to view him at that hearing is not grounds for suppressing a subsequent in-court identification. *Id.* at 45. Unless the defendant requests not to be present at the hearing or to be seated somewhere other than counsel table, no impropriety is attributable to the prosecution. *Id.*

Darco does not contend that he requested to be absent from the *Wade* hearing or clothed in civilian garb. Accordingly, Hammill's opportunity to view him there is not grounds for suppressing her subsequent identification.

<u>Harmless Error Analysis</u>

Even assuming that Geiger or Hammill improperly viewed Darco, the admission of their identifications was harmless error. An error is harmless if it did not have a substantial or injurious effect or influence in determining the jury verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *Boyd v. Henderson*, 555 F.2d 56 (2d Cir. 1977) (applying harmless error

analysis to allegedly improper in-court identification). The primary factors to be considered in determining whether the error was harmless is the importance of the witness's erroneously admitted testimony and the strength of the prosecution's case. *Wray v. Johnson*, 202 F.3d 515, 526 (2d Cir. 2000).

Although Darco's identity as the robber was the critical issue at trial, Hammill and Geiger's testimony was cumulative. Two other witnesses also identified him. *Cf. Wray*, 202 F.3d at 526 (whether evidence is merely cumulative relevant to harmlessness). The prosecution also introduced a gun, a license plate seen on the getaway car, and money straps from Olympia Bank that were all found in the car that Darco was seen driving shortly before his arrest. In light of the overwhelming evidence against him, the admission of either of the identifications, if in error, was harmless.

Actual Innocence

Darco contends that his conviction is a result of mistaken identity and that he is actually innocent of the robberies. Darco does not offer any new evidence in support of his claim. Guilt or innocence is not in issue on a § 2255 proceeding. 3 WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 593 at 700 (2004). The Judicial Conference specifically rejected a proposed amendment that would have made "that the person sentenced was not the person that committed the crime" grounds for § 2255 relief. *Id.*

(citing Jud. Conf. Rept. 25 (1952)). Therefore Darco's § 2255 motion cannot be granted on the grounds of innocence.

## Conclusion

For the reasons stated, Darco's § 2255 petition is denied. The Clerk is directed to enter judgment denying the petition and to furnish a filed copy of the within to all parties.

SO ORDERED.

Dated : Brooklyn, New York

July 28, 2005

                                    /s/Charles P. Sifton (electronically signed)
                                       United States District Judge